146H, LLC v HSBC Bank USA, N.A.

2026 NY Slip Op 02809

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

146H, LLC, appellant,

v

HSBC Bank USA, National Association, etc., respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-01024, (Index No. 614195/23)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

Matthew K. Tannenbaum (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for appellant.

Stradley Ronon Stevens & Young, LLP, New York, NY (Charles Jeanfreau of counsel), for respondent.

[*1]

DECISION & ORDER

In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated October 17, 2023. The order granted the motion of the defendant HSBC Bank USA, National Association pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.

ORDERED that the order is reversed, on the law, with costs, the motion of the defendant HSBC Bank USA, National Association pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied without prejudice to renew, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

In October 2004, Gary Johnson and Cheryl Johnson (hereinafter together the borrowers) executed a note in the sum of $96,000, which was secured by a mortgage on certain real property. On August 9, 2006, Wells Fargo Bank, National Association (hereinafter Wells Fargo) commenced an action to foreclose the mortgage against the borrowers, among others (hereinafter the first foreclosure action). By written assignment dated August 9, 2010, Wells Fargo assigned the mortgage to HSBC Bank USA, National Association (hereinafter HSBC). On November 20, 2013, the first foreclosure action was dismissed.

On September 11, 2020, HSBC commenced another action to foreclose the mortgage against the borrowers, among others (hereinafter the second foreclosure action). Gary failed to timely appear or answer the complaint, and by bargain and sale deed dated March 30, 2022, conveyed "[a] 37.5% interest" in the premises to the plaintiff, 146H, LLC (hereinafter 146H). In an order dated September 16, 2022, the Supreme Court, inter alia, granted that branch of Gary's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint in the second foreclosure action insofar as asserted against him as abandoned. HSBC appealed from that order.

On June 6, 2023, 146H commenced this action against HSBC and another defendant pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In August 2023, HSBC [*2]moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. 146H opposed the motion. In an order dated October 17, 2023, the Supreme Court granted HSBC's motion. The plaintiff appeals.

Pursuant to RPAPL 1501(4), "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance." "Because the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4), the existence of a pending foreclosure action precludes a RPAPL 1501(4) action" (Smith v Bank of N.Y. Mellon, 237 AD3d 1128, 1129; see Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d 798, 799). "[A]n action is not considered terminated until appeals as of right have been exhausted" (Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 799; see Malay v City of Syracuse, 25 NY3d 323, 328; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016-1017).

On January 8, 2025, after the parties submitted their briefs on this appeal, this Court affirmed the order dated September 16, 2022, insofar as HSBC appealed from it (see HSBC Bank USA, N.A. v Johnson, 234 AD3d 675). HSBC has no appeal as of right to the Court of Appeals (see CPLR 5601). Thus, the second foreclosure action is terminated, as all appeals as of right have been exhausted, and there is no longer a pending foreclosure action with respect to the subject mortgage.

Moreover, there is no merit to HSBC's contention that 146H failed to adequately allege that the mortgage debt was accelerated by the commencement of the first foreclosure action. "An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152). Here, 146H annexed, as an exhibit to the complaint in this action, a copy of the complaint filed in 2006 in the first foreclosure action in which Wells Fargo, the plaintiff therein, "elect[ed] . . . to call due the entire amount secured by the mortgage[ ]" (see Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950).

However, with respect to HSBC's contention that its motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it was properly granted on the ground that 146H failed to join a necessary party, the record contains a title search dated April 28, 2023, indicating that the premises was conveyed to the borrowers on September 28, 2004, and that on March 30, 2022, Gary conveyed a 37.5% interest in the premises to 146H. Thus, as of April 28, 2023, the borrowers still retained a 62.5% interest in the premises. Assuming they are still co-owners of the property, the borrowers possess an interest that would potentially be affected by a judgment in this action (see CPLR 1001[a]; see Matter of Gross v Zoning Bd. of Appeals of the Vil. of Warwick, 233 AD3d 942, 944; Follett v Dumond, 228 AD3d 1310, 1311-1312). RPAPL 1511(2) provides that, in an action pursuant to RPAPL article 15, "[w]here it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment, the court, upon application . . . of any party to the action, or on its own motion, may direct that such person be made a party" (see Censi v Cove Landings, Inc., 65 AD3d 1066, 1067).

Nevertheless, "[d]ismissal of an action or proceeding for nonjoinder of a necessary party 'is only a last resort'" (Matter of Cuomo v East Williston Union Free Sch. Dist., 227 AD3d 897, 901, quoting U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047). "When a necessary party has not been made a party and is subject to the jurisdiction of the court, the proper remedy is not dismissal of the complaint, but rather for the court to order that the necessary party be summoned" (U.S. Bank Trust N.A. v Germoso, 216 AD3d at 1047 [internal quotation marks omitted]; see NRZ Pass-Through Trust IV v Tarantola, 192 AD3d 819, 821). Under these circumstances, the appropriate procedure is for the Supreme Court to determine whether the borrowers retain an interest in the property such that they are necessary parties to the foreclosure action. Further, to the extent that there are such necessary parties to the action, the proper remedy [*3]is to direct the joinder of those parties, and if joinder cannot be effectuated, to determine whether the action may nevertheless proceed in those parties' absence, upon consideration of the factors set forth in CPLR 1001(b) (see Matter of Cuomo v East Williston Union Free Sch. Dist., 227 AD3d at 901).

In light of the foregoing, we reverse the order, deny HSBC's motion to dismiss the complaint insofar as asserted against it without prejudice to renew, and remit the matter to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court